UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARMEN BRITT and LULA BAITY,

                Plaintiffs,

    v.

BUFFALO MUNICIPAL HOUSING AUTHORITY,
ELAINE GARBE, Supervisor, Buffalo Municipal
Housing Authority, JERI GIWA, Case Manager,
Buffalo Municipal Housing Authority, GRACE
MANOR HEALTH CARE FACILITY, INC., DAVID
J. GENTNER, President/CEO; Grace Manor
Health Care Facility, Inc., MARY STEPHAN,
Registered Nurse, and Facility Representative,
Grace Manor Health Care Facility, Inc., KATHY
RANDALL, Director of Social Work, Grace Manor
Health Care Facility, Inc., TIFFANY MATTHEWS,
Social Worker, Grace Manor Health Care Facility,
Inc., M.D. NELDA LAWLER, Grace Manor Health
Care Facility, Inc., M.D. TERESA CHAU, Grace
Manor Health Care Facility, Inc., M.D. JESUS A.
LIGOTT, Erie County Medical Center, M.D. PHILLIP
J. RADOS, Erie County Medical Center, M.D.
JESSICA W. BLUME, Erie County Medical Center,
EDWARD GIAMMINS, Erie County Medical Center,
R.N. CARLA MAILLEAX, Erie County Medical
Center, JOHN DOES 1-5, and JANES DOES 1-5,

                Defendants.

**DECISION
and
ORDER**

**04-CV-1032S(F)**

APPEARANCES:        RICHARD L. BAUMGARTEN, ESQ.
                              Attorney for Plaintiffs
                              P.O. Box 242
                              Buffalo, New York 14201

                              COLUCCI & GALLAGHER, P.C.
                              Attorneys for Buffalo Municipal
                               Housing Authority Defendants
                              JOHN J. MARCHESE, of Counsel
                              2000 Liberty Building
                              424 Main Street
                              Buffalo, New York 14202-3695

>FELDMAN, KIEFFER & HERMAN LLP
>Attorneys for Grace Manor Health Care
> Facility, Inc. Defendants
>JAMES J. NAVAGH, of Counsel
>110 Pearl Street
>Suite 400
>Buffalo, New York 14202
>
>FREDERICK A. WOLF
>Erie County Attorney
>Attorney for Erie County Defendants
>JOSEPH F. REINA
>Assistant Erie County Attorney, of Counsel
>69 Delaware Avenue
>Suite 300
>Buffalo, New York 14202

This action was referred to the undersigned by Honorable William M. Skretny on February 16, 2005 for all nondispositive pretrial matters.  The matter is presently before the court on Plaintiffs' motions for remand (Doc. No. 5), filed January 27, 2005, and for an extension of time to serve and for permission to use alternative means for service of process (Doc. No. 6), filed January 1, 2005.

On October 1, 2004, Plaintiffs commenced this action in New York Supreme Court, Erie County, alleging Defendants violated their civil rights.  Summons with Notice was served on Defendants Grace Manor Health Care Facility, Inc. ("Grace Manor"), and the Grace Manor employees named as Defendants in this action (together, "Grace Manor Defendants"), on December 7, 2004.  Believing that Plaintiffs may be claiming violations of their federal civil rights, the Grace Manor Defendants removed the action to this court on December 27, 2004.

On January 27, 2005, Plaintiffs moved to remand the action to New York Supreme Court, Erie County, on the basis that not all Defendants had consented to the

removal.[1]  Plaintiffs also seek an award of costs incurred in connection with the motion. On February 1, 2005, Plaintiffs moved for an extension of time in which to serve the Complaint, and for permission to use an alternative means for service of process.

In a Response filed by the Grace Manor Defendants on April 14, 2005 (Doc. No. 11) ("Grace Manor Defendants' Response"), the Grace Manor Defendants explain that based upon the Notice served on the Grace Manor Defendants in connection with Plaintiffs' commencement of this action, "it appeared that plaintiff's counsel might intend to allege a cause of action under federal law, which would require removal to federal court."  Grace Manor Defendants' Response ¶ 4.  Accordingly, the Grace Manor Defendants removed the action to federal court "before the Complaint was served in order to avoid the possibility of missing the deadline for removal."  *Id*. ¶ 5.  Although the Grace Manor Defendants have yet to be served with the Complaint, the Grace Manor Defendants' counsel explains that he had discussed the matter on several occasions with Plaintiff's counsel and, "[b]ased on Mr. Baumgarten's assurance that no federal claims have been raised, nor will they be raised in this action, I [Grace Manor Defendants' counsel] am willing to consent that this motion be granted and the action remanded to State Court."  *Id*. ¶ 9.  The Grace Manor Defendants further state that Plaintiffs' counsel has agreed to withdraw any claim for costs and disbursements with regard to the motion.  *Id*. ¶ 10.  Plaintiffs have not submitted anything challenging any of the statements in the Grace Manor Defendants' Response.

The citizenship of the parties to this action is not diverse.  As such, unless the

---

[1] Plaintiffs' motion to remand (Doc. No. 5) was refiled on January 31, 2005 (Doc. No. 7) for compliance with electronic filing signature requirements.

Complaint raises a federal question, the court is without jurisdiction over the action. *See* 28 U.S.C. § 1441 (governing what actions brought in state court may be removed to federal district court).  Based on the representations Plaintiffs' counsel has made to counsel for the Grace Manor Defendants that Plaintiffs are not alleging any federal civil rights claim, the court is without jurisdiction over the action, and Plaintiffs' motion to remand (Doc. No. 5) is GRANTED.  Furthermore, as the court is without jurisdiction over the instant action, the court is unable to rule on Plaintiffs' motion seeking an extension of time to serve and for permission to use an alternative means of service of process and the motion (Doc. No. 6) is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    September 28, 2005
          Buffalo, New York